# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JAMES LUTZ, SCOTT DAVIS, NIALL
ADAMS, MYA BATTON, THEODORE
BISBICOS, AARON BOLTON, JASON
BOOMSMA, MICHAEL BRACE, THOMAS
BRAUN, TIMOTHY CARUSO, SABRINA
CLARK, COLLEEN DUVAL, JAMES
EDWARDS, RYAN EISNER, STEVEN
EWALD, CARSON FAIRBOURN, JOHN
GARRETT, BRENNON GROVES, DARIN
HENDRY, ANNA JAMES, DO YEON IRENE
KIM, JORDAN KULLMANN, JAMES
MULLIS, DANIEL PARSONS, JOSHUA
PUTT, JOHN SANNAR, ROBERT SAYLES,
BEN SHADLE, LISA SHANKUS, BRENT
STRINE, CHRISTINE VAN WOERKON, and
SHERRIE WOHL, individually and on behalf
of all others similarly situated,

        Plaintiff,

    v.

HOMESERVICES OF AMERICA, INC.,
BHH AFFILIATES, LLC, HSF AFFILIATES,
LLC, and DOUGLAS ELLIMAN INC.,

        Defendants.

Case No. 4:24-cv-10040-KMM

Magistrate Judge Elfenbein

## JOINT STATUS REPORT

Plaintiffs, Defendants HomeServices of America, Inc., BHH Affiliates, LLC, and HSF

Affiliates, LLC (collectively, "HomeServices"), and Defendant Douglas Elliman Inc. ("Douglas

Elliman"), by and through their undersigned counsel, respectfully submit this discovery status

report pursuant to the Court's October 1, 2024 Order (Doc. 77).

As detailed in the Joint Motion to Amend the Case Schedule filed on June 24, 2025 (Doc.

135), the parties have been diligently moving forward with discovery.  To date, Plaintiffs have

served Defendants with their entire set of requests for production.  HomeServices, in turn, has

produced over 400,000 documents and continues to meet and confer with Plaintiffs over their document requests.  HomeServices has also collected and produced nearly 7 terabytes of data, which Plaintiffs' experts are in the process of organizing and analyzing.  Plaintiffs further obtained the deposition transcripts from HomeServices in the seller cases following extensive meet and confers and a discovery conference in January 2025.  Plaintiffs then filed a motion to compel the production of additional deposition transcripts from defendants in other related cases, but withdrew that motion upon reaching agreements with those parties to produce the majority of the materials sought: *Moehrl et al. v. National Association of Realtors et. al.*, No. 1:19-cv-01610 (N.D. Ill.); *Sitzer et al. v. National Association of Realtors et al.*, No. 4:19-cv-00332 (W.D. Mo.) (formerly *Burnett et al. v. National Association of Realtors et al.*); and *Nosalek et al. v. MLS Prop. Inf. Net., et al.*, 1:20-cv-12244 (D. Mass.).

Douglas Elliman and Plaintiffs have similarly met and conferred multiple times over Plaintiffs' document requests, with the parties now having agreed upon a production protocol. Douglas Elliman anticipates being able to complete its document production in August-September 2025.

HomeServices served requests for production, interrogatories, and requests for admission on the 32 named plaintiffs on May 23, 2025.  Douglas Elliman joined in the requests for production.  Plaintiffs requested a 30-day extension to respond to these Requests until July 22, 2025, which HomeServices agreed to.  HomeServices and Plaintiffs will meet and confer as necessary over those requests once initial responses are received, after which Plaintiffs estimate needing 2-3 months to review and produce the agreed-upon documents.

Despite the parties' best efforts to complete discovery as efficiently as possible, each party still has additional productions to make over the next few months that must be analyzed

before fact and expert depositions can begin.  As a result, no depositions have been noticed yet in this case.

Moreover, in order to assess the alleged impact of the allegedly anti-competitive broker commissions on the prices paid by homebuyers — a critical issue in this case — Plaintiffs have been diligently seeking specific information from third parties.  As soon as Plaintiffs discovered in January 2025 that Defendants do not maintain certain data about home sale characteristics (e.g., closing costs, square footage, number of rooms, and offered broker commissions) that could be used in an economic model to determine the alleged impact of allegedly anticompetitive broker commissions on home prices, Plaintiffs began negotiating with third-party vendors and serving select Multiple Listing Services ("MLSs") with Rule 45 subpoenas.  Plaintiffs then secured a large database of property information for homes sold, but it does not contain the necessary information about offered broker commissions that must come directly from each of the MLSs at issue.  Therefore, subpoenas have since been served on the owners of the websites Zillow.com and Realtor.com, as well as on 59 different MLSs and/or their data vendors.  The subpoenas request listing data, the subpoenaed party's policies and procedures, and the identity of any individuals responsible for implementing or maintaining those policies and procedures.

Over the past several months, Plaintiffs have been meeting and conferring with the subpoenaed MLSs to understand their data systems, limitations, and burdens.  So as to avoid motion practice and any resulting delays, Plaintiffs have proposed various compromises to limit the data sought from each MLS, the vast majority of which have agreed to produce the requested information.  Defendants, in turn, served their own subpoenas on these MLSs in order to ensure that they obtain any data fields needed for their analysis.  Subsequently, the parties met and conferred to develop a standardized list of data fields that would satisfy each subpoena before the

MLSs make their productions, reaching an agreement on those fields a few weeks ago.  The subpoenaed MLSs are now working to prepare the requested data, which the parties anticipate being produced promptly.  Because of the large volume of data being produced and the fact that the data for each MLS is structured in different ways with different fields, the parties anticipate needing several months for their experts to organize, standardize, and analyze the data for use in their respective expert reports.

In sum, the parties have been making significant progress on discovery in a relatively short period of time.  Since the Court entered the current case schedule on September 27, 2024 (Doc. 75), the parties have served document requests, produced over 400,000 documents, and resolved certain discovery disputes leading to the production of more than 80 deposition transcripts of witnesses from HomeServices and its alleged co-conspirators.  Plaintiffs have also negotiated and obtained a large dataset of home purchase information and secured agreements from over 50 MLSs to produce information pursuant to Rule 45 subpoenas.

For the reasons set forth above and in the Joint Motion to Amend the Case Schedule (Doc. 135), however, the parties will be unable to meet the deadlines under the current case schedule.  Under the schedule, the first upcoming deadline is July 24, 2025 for expert disclosures.  But given the parties' remaining document productions, the need to obtain and standardize enormous amounts of data from over 50 third parties, and the complex economic analysis involved in measuring the alleged effect of commissions on home prices nationwide, the parties continue to believe an extension of the case schedule is warranted as requested in their Joint Motion to Amend the Case Schedule.  *See* Dkt. 135.  The parties will be prepared to further discuss this issue and any others the Court may have at the status conference scheduled for July 9, 2025.

Dated: July 2, 2025

| | |
|---|---|
| ***Counsel for Plaintiffs and Proposed Class*** | ***Counsel for HomeServices Defendants*** |

/s/ *Randall P. Ewing, Jr.*
Randall P. Ewing, Jr. (Bar No. 76879)
George A. Zelcs
Ryan Z. Cortazar
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
(312) 641-9750
rewing@koreintillery.com
gzelcs@koreintillery.com
rcortazar@koreintillery.com


Steven M. Berezney
Michael E. Klenov
Carol O'Keefe
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
sberezney@koreintillery.com
mklenov@koreintillery.com
cokeefe@koreintillery.com


Vincent Briganti
Christian Levis
Noelle Forde
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com
clevis@lowey.com
nforde@lowey.com

/s/ *Christopher D. Dusseault*
Christopher D. Dusseault (*pro hac vice*)
Sarah M. Kushner
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
cdusseault@gibsondunn.com
smkushner@gibsondunn.com


Alejandro J. Paz (Bar No. 1011728)
Alexandra M. Mora (Bar No. 52368)
**AKERMAN LLP**
Three Brickell City Centre
98 S.E. 7th Street, Suite 1100
Miami, FL 33131
(305) 374-5600
alejandro.paz@akerman.com
alexandra.mora@akerman.com


***Counsel for Defendant Douglas Elliman Inc.***

/s/ *Edward M. Spiro*
Edward M. Spiro (*pro hac vice*)
Robert J. Anello (*pro hac vice*)
**MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.**
565 Fifth Avenue
New York, NY 10017
(212) 856-9600
espiro@maglaw.com
ranello@maglaw.com


Michael N. Kreitzer (Bar No. 705561)
Phillip M. Soven (Bar No. 1035504)
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
(305) 579-0500
kreitzerm@gtlaw.com
phil.soven@gtlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2025, a true and correct copy of the foregoing was served on

all counsel of record by electronic filing.

 /s/ *Randall P. Ewing, Jr.*
Randall P. Ewing, Jr.
