# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES LUTZ, SCOTT DAVIS, NIALL ADAMS, MYA BATTON, THEODORE BISBICOS, AARON BOLTON, JASON BOOMSMA, MICHAEL BRACE, THOMAS BRAUN, TIMOTHY CARUSO, SABRINA CLARK, COLLEEN DUVAL, JAMES EDWARDS, RYAN EISNER, STEVEN EWALD, CARSON FAIRBOURN, JOHN GARRETT, BRENNON GROVES, DARIN HENDRY, ANNA JAMES, DO YEON IRENE KIM, JORDAN KULLMANN, JAMES MULLIS, DANIEL PARSONS, JOSHUA PUTT, JOHN SANNAR, ROBERT SAYLES, BEN SHADLE, LISA SHANKUS, BRENT STRINE, CHRISTINE VAN WOERKON, and SHERRIE WOHL, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:24-cv-10040-KMM |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, and DOUGLAS ELLIMAN INC., | ) ) ) ) |
| Defendants. | ) ) |

## JOINT MOTION TO AMEND THE CASE SCHEDULE

Plaintiffs, Defendants HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates, LLC ("HomeServices"), and Defendant Douglas Elliman Inc. ("Douglas Elliman" and collectively with Plaintiffs and HomeServices, the "Parties") respectfully ask the Court to extend the deadlines set forth in the operative scheduling order (Doc. 157) or, in the alternative, grant the Defendants' motion to stay (Doc. 153). This is the Parties' first motion to amend this case schedule.

## BACKGROUND

**The Homebuyer Cases and Seller Settlements.** Plaintiffs brought this action on behalf of homebuyers alleging antitrust violations stemming from certain rules established by the National Association of Realtors ("NAR") and adopted and implemented by Defendants. Plaintiffs initially brought their action against all alleged co-conspirators in the Northern District of Illinois. *Batton, et al. v. Nat'l Ass'n of Realtors, et al.*, 21-cv-430 (N.D. Ill.) (*Batton I*); *Batton, et al. v. Compass, Inc., et al.*, 23-cv-15618 (N.D. Ill.) (*Batton II*). Following personal jurisdiction rulings by that court, however, Plaintiffs sued HomeServices and Douglas Elliman in this Court and another alleged co-conspirator, Hanna Holdings, Inc., in the Eastern District of Pennsylvania.

There also exist antitrust cases on behalf of home *sellers* based on the same NAR rules: *Moehrl et al. v. National Association of Realtors et. al.*, No. 1:19-cv-01610 (N.D. Ill.); *Sitzer et al. v. National Association of Realtors et al.*, No. 4:19-cv-00332 (W.D. Mo.) (formerly *Burnett et al. v. National Association of Realtors et al.* and known as "*Sitzer/Burnett*"); *Nosalek et al. v. MLS Prop. Inf. Net., et al.*, 1:20-cv-12244 (D. Mass.); and *Gibson et al. v. National Association of Realtors et al.*, No. 4:23-cv-00788 (W.D. Mo.) ("Seller Cases"). Following a jury trial in *Sitzer/Burnett* in which HomeServices were found liable for $1.8 billion in damages, Defendants

2

and many of their alleged co-conspirators entered into nationwide class-action settlements to resolve the claims asserted against them in the Seller Cases. These settlements purport to release claims arising out of both homebuying and home selling transactions. Plaintiff James Mullis objected in the district court to the settlements' potential releases of class members' claims related to homebuying transactions. Mullis' objection was overruled and the settlements were finally approved. In finally approving the settlements, the Western District of Missouri enjoined settlement class members from pursuing their homebuying claims in other litigation. Mullis' appeals from those decisions have been fully briefed and oral argument occurred on January 14, 2026. The Court of Appeals has not yet ruled.[1]

Due to this injunction, the *Batton I* court recently stayed class certification briefing and expert disclosure deadlines until the Eighth Circuit issues its opinion so that the Parties could incorporate the results of the appeal into their expert opinions and class certification briefing. *Batton I*, 21-cv-430, ECF No. 257 (N.D. Ill. Nov. 13, 2025).

**Status of This Action.** This Court granted Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint on July 15, 2025 (Doc. 144). On August 5, 2025, Plaintiffs filed their Third Amended Complaint (Doc. 145). Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint is now fully briefed. The Court entered its current schedule on November 10, 2025, setting a trial date of August 24, 2026 (Doc. 157).

The Parties have proceeded rapidly through discovery. Plaintiffs have served their entire set of Requests for Productions on Defendants. The HomeServices Defendants have produced

---

[1] Should Mullis lose his appeal, Plaintiffs' claims would nonetheless proceed on behalf of those who never sold a home during the time periods covered by the Seller Cases settlements (e.g., first-time homebuyers).

over 400,000 documents, and Plaintiffs and the HomeServices Defendants have resolved any differences over the remaining document requests subject to negotiation over a search protocol. HomeServices has also collected and produced nearly 7 terabytes of data. Plaintiffs and Douglas Elliman met and conferred multiple times over Plaintiffs' document requests. The Parties have agreed upon a search and production protocol, and Douglas Elliman estimates its document production to begin in March. Plaintiffs also served interrogatories on the Defendants on February 20, 2026.

Plaintiffs have also gone through extensive efforts to obtain data for their expert's class-wide damages model. Because Defendants' data does not contain all the home characteristic information (square footage, number of bedroom and bathrooms, etc.) and property related information (transfer taxes, property taxes, etc.) that could be used in an economic model to estimate the impact of an anticompetitive real estate agent commissions on home prices, Plaintiffs served third-party subpoenas on more than 50 Multiple Listing Services ("MLSs"). Following extensive meet and confers, Plaintiffs obtained data from most of them.

Defendants have also served their Requests for Production, Interrogatories, and Requests for Admissions on Plaintiffs. Plaintiffs have responded to each and have negotiated the scope of their production with Defendants subject to an agreement on a search protocol. Plaintiffs expect to complete production in March. The Parties anticipate needing to conduct 25-40 depositions following the completion of document productions.

The current case schedule sets an April 15, 2026 deadline for expert disclosures; a May 15, 2026 deadline to complete fact and expert discovery; a June 5, 2026 deadline for class certification, summary judgment, and *Daubert* motions; and an August 24, 2026 trial date. On September 12, 2025, Defendants filed an unopposed motion to stay discovery pending a ruling on their Motion to Dismiss, which remains pending (Doc. 153). This motion is filed in the

alternative to Defendants' unopposed motion for a stay.

## ARGUMENT

### I. Good Cause Exists to Alter the Trial Date to September 6, 2027

The Parties demonstrate "good cause" under Rule 16 of the Federal Rules of Civil Procedure to amend the current trial date for two primary reasons.

*First*, the outcome of Mullis' appeal in the Eighth Circuit will greatly impact the scope of this case. If Mullis prevails, the proposed classes here may proceed; but if Mullis loses (and also loses any subsequent appeal to the Supreme Court), the proposed class here will be limited to first-time homebuyers and homebuyers who did not sell homes during the periods covered by the seller settlements. As Plaintiffs' economic expert Dr. Rosa Abrantes-Metz explained recently in *Batton I*, as much as 79% of the proposed buyer-side class may release their buyer-side claims in the seller-side settlements. *Batton I*, 21-cv-430, ECF No. 246 at 3. Accordingly, the scope of the remaining claims will have an enormous impact on the scope of class certification and expert work in this case. Absent an extension, the Parties and the Court may be required to spend significant resources analyzing hypotheticals and evidence to proffer opinions that address the propriety of certifying two different classes—one of which likely represents the vast majority of buyer-side claims and may ultimately turn out to be completely unnecessary.

Accordingly, additional time for the Parties to incorporate the result of Mullis' appeal into their expert reports will significantly reduce inefficiencies and expenses. *See Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, No. 18-CV-81606, 2019 WL 4739428, at *2 (S.D. Fla. Sept. 6, 2019) (noting a party's "efforts to conserve resources and limit the scope of the case" as a good cause basis to amend a scheduling order under Rule 16(b)(4)) (citation omitted); *Callahan v. City of Hollywood*, No. 14-CIV-62960, 2015 WL 13638626, at *2 (S.D. Fla. Apr. 28, 2015) (finding good cause to modify the case schedule

under Rule 16(b)(4) where doing so "serves the interests of justice and efficiency, preserves judicial resources and avoids needless expenditure of time and effort by all parties involved").

Adopting the Parties' requested trial date would also provide sufficient time for this Court to rule on Defendants' motion to dismiss prior to the Parties' expert disclosures and class certification briefing. Because Defendants raise numerous state-specific challenges to Plaintiffs' claims, including but not limited to challenges concerning the scope of time-barred claims, resolving the motion to dismiss prior to expert disclosures would similarly allow the Parties to focus their class and expert arguments on issues that remain in dispute rather than waste resources addressing hypothetical issues that are contingent upon a forthcoming decision on the motion to dismiss, saving both the Parties and the Court time and resources.

***Second***, good cause also exists to alter the trial date because the Parties require additional time to complete document productions and to conduct depositions before the April 15, 2026 deadline for expert disclosures and the May 15, 2026 deadline for the completion of discovery. Good cause exists for an extension because the Parties have been diligent in obtaining and producing substantial discovery and because the requested timeframe is appropriate for a highly complex antitrust case such as this. *See Damian v. Melton, et al.*, No. 1:22-cv-22606, 2024 WL 3650418, at *1 (S.D. Fla. Mar. 28, 2024) (good cause to modify scheduling order satisfied when "the schedule cannot be met despite the diligence of the party seeking amendment").

The record establishes that the Parties have been diligent. The Parties have served discovery requests, produced over 400,000 documents, presented and resolved two motions to compel leading to the production of more than 80 deposition transcripts of witnesses from HomeServices and its alleged co-conspirators, and Plaintiffs have negotiated and obtained a large dataset of home purchase information and received data from dozens of MLSs pursuant to

6

Rule 45 subpoenas. *See id.* (granting motion to extend because "the Parties have been engaged in discovery since [the scheduling order], which has included a number of hearings before the Magistrate Judges that have been assigned to handle discovery disputes in this matter" and the production of "nearly 300,000 pages of new documents").

Despite the Parties' diligence in resolving discovery disputes and producing requested documents, all of the Parties have additional productions to make over the next few months that must also be analyzed by the Parties before fact and expert depositions can begin. The extension requested herein is only necessary to obtain information that the Parties could not have obtained earlier despite their diligence, and it will result in a fully developed record and a fair trial. *See id.*, at *2 ("Thus, the Court believes that amending the scheduling order in this matter is in the best interest of the Parties, and will provide for a fully developed record, and thus, a fair trial.").

For these reasons, the Parties move the Court to set trial for September 6, 2027, with interim deadlines extended accordingly. This trial date will likely provide sufficient time for the Eighth Circuit to issue its decision on Plaintiff Mullis' appeal in the Seller Cases, this Court to resolve Defendants' motions to dismiss prior to expert disclosures and class certification briefing, and for the Parties to complete remaining discovery.

## II. Good Cause Exists to Establish Staggered Deadlines

The Parties' also request that the Court amend the case schedule to establish a class certification deadline and to include staggered deadlines for expert disclosures and subsequent briefing. Such a schedule is routine for complex antitrust cases such as this one. These staggered deadlines will promote efficiency by reducing the need to seek individualized briefing schedules on particular issues, thereby preserving judicial resources.

As a result, the Parties propose amending the case schedule (Doc. 157) as follows:

- **August 17, 2026:** Plaintiffs' deadline to serve class expert disclosures and reports and to file motion for class certification;

- **October 16, 2026:** Defendants' deadline to serve expert disclosures and reports, opposition to Plaintiffs' motion for class certification, and *Daubert* motions in response to Plaintiffs' class certification experts;

- **December 16, 2026:** Plaintiffs' deadline to submit reply in support of motion for class certification, any rebuttal expert reports, and *Daubert* motions in response to Defendants' class certification experts;

- **December 23, 2026:** Opening Rule 26(a)(2) merits expert disclosures deadline;

- **February 23, 2027:** Rebuttal Rule 26(a)(2) merits expert disclosures and report deadline;

- **March 27, 2027:** Close of discovery;

- **April 7, 2027:** Parties' deadline for filing motions for summary judgment and motions to exclude merits experts;

- **June 9, 2027**: Parties' deadline for filing responses to summary judgment motions and motions to exclude merits experts;

- **July 16, 2027:** Parties' deadline to submit replies in support of motions for summary judgment and motions to exclude merits experts;

- **July 23, 2027:** Deadline for Motions in Limine;

- **August 5, 2027:** Parties to exchange exhibit lists, witness lists, and deposition designations;

- **August 5, 2027:** Parties to submit joint pre-trial order, proposed jury instructions, proposed findings of fact and conclusions of law;

- **August 27, 2027:** Pretrial Conference; and

- **September 6, 2027:** Trial.

## **CONCLUSION**

For the foregoing reasons, the Parties jointly request that the Court enter an order amending the case schedule as proposed above.

8

<table>
<tr><td>

Dated: March 6, 2026

*Counsel for Plaintiffs and Proposed Class*

 /s/ **Randall P. Ewing, Jr.**
Randall P. Ewing, Jr. (Bar No. 76879)
George A. Zelcs
Ryan Z. Cortazar
**KOREIN TILLERY, LLC**
205 N. Michigan Avenue, Suite 1950
Chicago, IL 60601
(312) 641-9750
rewing@koreintillery.com
gzelcs@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney
**KOREIN TILLERY, LLC**
505 N. 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
sberezney@koreintillery.com

Vincent Briganti
Margaret MacLean
Noelle Forde
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com
mmaclean@lowey.com
nforde@lowey.com

</td><td>

Respectfully submitted,

*Counsel for HomeServices Defendants*

 /s/ *Christopher D. Dusseault*
Christopher D. Dusseault (*pro hac vice*)
Sarah M. Kushner (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
cdusseault@gibsondunn.com
smkushner@gibsondunn.com

Alejandro J. Paz (Bar No. 1011728)
Alexandra M. Mora (Bar No. 52368)
**AKERMAN LLP**
Three Brickell City Centre
98 S.E. 7th Street, Suite 1100
Miami, FL 33131
(305) 374-5600
alejandro.paz@akerman.com
alexandra.mora@akerman.com


*Counsel for Defendant Douglas Elliman Inc.*

 /s/ *Edward M. Spiro*
Edward M. Spiro (*pro hac vice*)
Robert J. Anello (*pro hac vice*)
**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**
565 Fifth Avenue
New York, NY 10017
(212) 856-9600
espiro@maglaw.com
ranello@maglaw.com

Michael N. Kreitzer (Bar No. 705561)
Phillip M. Soven (Bar No. 1035504)
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
(305) 579-0500
kreitzerm@gtlaw.com
phil.soven@gtlaw.com

</td></tr>
</table>

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2026, a true and correct copy of the foregoing was served on all counsel of record by electronic filing.

      **/s/ Randall P. Ewing, Jr.**
      Randall P. Ewing, Jr.