UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:24-cv-10040-MOORE/ELFENBEIN

**JAMES LUTZ**, *et al*.

     Plaintiffs,

     v.

**HOMESERVICES OF AMERICA, INC.**, *et al*.,

     Defendants.

_____

## DEFENDANTS' JOINT UNOPPOSED MOTION FOR CLARIFICATION

HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates LLC (the "HomeServices Defendants") and Douglas Elliman Inc. ("Douglas Elliman") (collectively, the "Defendants") respectfully request clarification of the Court's November 10, 2025, scheduling order (ECF No. 157), which states in relevant part that "Rule 26(a)(2) expert disclosures shall be completed one hundred thirty (130) days prior to the date of trial," which is April 16, 2026. The order also states that discovery shall be completed 100 days prior to trial, which is May 16, 2026.

Defendants currently plan to offer expert testimony "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" on issues as to which the other party bears the burden of proof. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (referring to expert evidence intended solely to contradict or rebut the expert evidence disclosed by the other party). Defendants are unclear as to when, if at all, such a disclosure must be made under the Court's scheduling order. As a practical matter, it cannot be made on the same date as the evidence disclosed by the other party, because the identity of the expert and the subject matter of his or her opinions are not known until that date. At the same time, the Court's Scheduling Order is silent as

1

to when such a purely responsive disclosure must be made, or even if one is required. Moreover, should Defendants serve a rebuttal expert disclosure 30 days after Plaintiffs' expert disclosures, Plaintiffs would be unable to depose Defendants' rebuttal expert prior to the close of discovery.

Rule 26(a)(2)(D)(ii) provides that such a disclosure must be made 30 days after the other party's disclosure, but it also states that this timing applies "[a]bsent a stipulation or a court order." It is unclear to Defendants whether the Court intended its scheduling order to set both affirmative and rebuttal expert disclosures for the same day, to dispense with the requirement that rebuttal opinions be disclosed, or to incorporate the 30-day timing of Rule 26(a)(2)(D)(ii) where a disclosure is offered solely to rebut the disclosures of the other party.

Based on the above, Defendants respectfully request clarification of this single issue so that they can be sure to fully comply with the Court's scheduling order and preserve their right to rely on expert evidence in pre-trial motions and at trial.  In the absence of clarification, and in an effort to comply with the scheduling order and preserve their right to offer expert testimony at trial on issues as to which they do not bear the burden of proof, Defendants intend to serve a short disclosure on the deadline set forth in the Scheduling Order identifying our expert and stating that he or she intends to contradict and rebut the opinions offered by the other party, which have not yet been disclosed.

Dated:  April 9, 2026

Respectfully submitted,

By: */s/ Christopher D. Dusseault*
Christopher D. Dusseault *(pro hac vice)*
Sarah M. Kushner *(pro hac vice)*
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:     (213) 229-7000
Email: cdusseault@gibsondunn.com
Email: smkushner@gibsondunn.com

2

By: */s/Alexandra M. Mora*
Alexandra M. Mora, Esq.
Florida Bar Number: 52368
Primary E-mail:
alexandra.mora@akerman.com
Secondary E-mail:
marylin.herrera@akerman.com
Alejandro J. Paz, Esq.
Florida Bar Number: 1011728
Primary E-mail:
alejandro.paz@akerman.com
Secondary E-mail:
marylin.herrera@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 S.E. 7th St., Suite 1100
Miami, FL 33131
Phone: (305) 374-5600
Facsimile: (305) 374-5095

*Attorneys for Defendants HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates LLC*

By: */s/Edward M. Spiro*
Robert J. Anello (*pro hac vice*)
Edward M. Spiro (*pro hac vice*)
**MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.**
565 Fifth Ave.
New York, NY 10017
Phone: (212) 856-9600
Facsimile: (212) 856-9494
Email: ranello@maglaw.com
Email: espiro@maglaw.com

By: */s/ Philip M. Soven*
Michael N. Kreitzer
Florida Bar No. 705561
Phillip M. Soven
Florida Bar No. 1035504
**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

3

Email: kreitzerm@gtlaw.com
Email: phil.soven@gtlaw.com
Email: moisem@gtlaw.com
Email: flservice@gtlaw.com

*Attorneys for Defendant Douglas Elliman Inc.*

4

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), on April 6, 2026 through April 9, 2026, counsel for Defendants conferred with Plaintiffs' counsel, via e-mail, regarding the issues raised in this motion. Plaintiffs' counsel stated that Plaintiffs do not oppose the request for clarification, but do oppose any procedure that would permit Defendants to provide rebuttal expert opinions without a written disclosure as mandated by Federal Rule of Civil Procedure 26(a)(2)(B) or that would permit Defendants to serve a written report without Plaintiffs being able to depose them about the report prior to class certification briefing, summary judgment briefing, and trial.

By: */s/ Alexandra M. Mora*
Alexandra M. Mora

5

6

## <u>CERTIFICATE OF SERVICE</u>

I, Alexandra M. Mora, hereby certify that, on April 9, 2026, a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will provide notice to all counsel of record.

By: */s/ Alexandra M. Mora*
Alexandra M.  Mora