**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| JAMES LUTZ, SCOTT DAVIS, NIALL ADAMS, MYA BATTON, THEODORE BISBICOS, AARON BOLTON, JASON BOOMSMA, MICHAEL BRACE, THOMAS BRAUN, TIMOTHY CARUSO, SABRINA CLARK, COLLEEN DUVAL, JAMES EDWARDS, RYAN EISNER, STEVEN EWALD, CARSON FAIRBOURN, JOHN GARRETT, BRENNON GROVES, DARIN HENDRY, ANNA JAMES, DO YEON IRENE KIM, JORDAN KULLMANN, JAMES MULLIS, DANIEL PARSONS, JOSHUA PUTT, JOHN SANNAR, ROBERT SAYLES, BEN SHADLE, LISA SHANKUS, BRENT STRINE, CHRISTINE VAN WOERKON, and SHERRIE WOHL, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:24-cv-10040-KMM<br><br>Judge K. Michael Moore<br><br>Magistrate Judge Elfenbein |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| HOMESERVICES OF AMERICA, INC., BHH AFFILIATES, LLC, HSF AFFILIATES, LLC, and DOUGLAS ELLIMAN INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION FOR PARTIAL STAY OF PROCEEDINGS**

Plaintiffs, by and through their undersigned counsel, respectfully submit this Motion for Partial Stay of Class Certification and Trial Proceedings with respect to all putative class members who are part of the settlement class in *Gibson et al. v. National Association of Realtors et al.*, No. 23-cv-00788-SRB (W.D. Mo.), or *Burnett et al. v. National Association of Realtors et al.*, No. 19-cv-00332-SRB (W.D. Mo.) (the "Seller Cases"). In support of this Motion, the Parties state:

1.     Following a jury trial in *Burnett*, where certain real estate brokerage companies

1

were found liable for $1.8 billion in damages, Defendants and many of their alleged co-conspirators entered into nationwide class-action settlements to resolve the claims asserted against them in the Seller Cases.

2.      Plaintiff James Mullis, who by virtue of having both bought and sold a house is a member of the putative class of homebuyers here and also a non-excluded member of the settlement class in the Seller Cases, objected to the settlements' potential release of class members' claims related to homebuying transactions. *See, e.g.*, *Burnett*, ECF No. 1447. Mullis also objected to a similar settlement with HomeServices in *Burnett* and with Douglas Elliman in *Gibson*.

3.      On November 4, 2024, the court in *Gibson* granted final approval of a nationwide class settlement involving Douglas Elliman, among others. *See Gibson*, ECF No. 530 ("*Gibson* Final Approval Order").

4.      On November 27, 2024, the same judge granted final approval of a nationwide class settlement in *Burnett* involving HomeServices, among others. *See Burnett*, ECF No. 1622 ("*Burnett* Final Approval Order").

5.      The final approval orders in both *Gibson* and *Burnett* state that non-excluded "Members of the Settlement Class…are hereby enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any Released Claims against any of the Released Parties[.]" *Gibson* Final Approval Order ¶ 90; *Burnett* Final Approval Order ¶ 168. *See also id.* ("Released Claims include claims that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions…. For the avoidance of doubt, this injunction extends to claims arising from or relating to transactions where Settlement Class members either sold or purchased

2

a home on any [MLS] nationwide[.]").

6. As addressed by the Parties in recent filings (*e.g.*, Docs. 169, 170, and 174), Mullis has appealed these orders to the Eighth Circuit. *See, e.g.*, *Gibson*, ECF No. 883; *Burnett*, ECF No. 1498. Mullis' appeals have been fully briefed and oral argument occurred on January 14, 2026. The Court of Appeals has not yet ruled.

7. Due to the injunction entered in the Seller Cases, the court in the related homebuyer case *Batton et al. v. National Association of Realtors et al.*, No. 21-cv-00430-LAH (N.D. Ill.) ("*Batton I*"), has stayed expert disclosures and class certification until the Eighth Circuit issues its opinion, so as to allow the Parties to incorporate the results of the appeal into their expert opinions and class certification briefing. *Batton I*, ECF No. 257 (Nov. 13, 2025).

8. For the sake of efficiency, to preserve judicial and party resources, and to account for the possibility that Mullis' appeals may reverse or modify the final approval orders in the Seller Cases, Plaintiffs ask this Court to stay class certification and trial proceedings with respect to all putative class members here who are part of the settlement class in the Seller Cases. The Eleventh Circuit and this District have held that these type of circumstances constitute a "good 'if not [ ] excellent' reason" to grant a stay. *Fridman v. Collection LLC*, No. 18-CV-20348-UU, 2019 WL 13237812, at *1 (S.D. Fla. July 23, 2019) ("[T]he Eleventh Circuit has held that when 'a federal appellate decision . . . is likely to have a substantial or controlling effect on the claims and issues in the stay' there is good 'if not [ ] excellent' reason to stay the case.") (quoting *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)); *Ephraim v. Abbott Lab'ys, Inc.*, 601 F. Supp. 3d 1274, 1275-76 (S.D. Fla. 2022) (noting the court's "inherent authority" to stay proceedings pending "resolution of a related action in another court" and finding a stay warranted where it "eliminates the possibility of inconsistent

rulings [and] substantially conserves judicial resources").

9.      This stay would last only until any appeals in the Seller Cases are resolved or exhausted, and would apply only to the claims of any class members impacted by the appeals in the Seller Cases. In the meantime, Plaintiffs wish proceed with their expert disclosures for all claims (which will be the same regardless of resolution of the appeal), complete discovery for all claims, move for class certification with respect to individuals not impacted by the injunction, and continue to trial with respect to the unaffected individuals. When the appeal is decided, Plaintiffs would, depending on the appellate ruling, likely dismiss their remaining claims or proceed forward with class certification and trial proceedings for those individuals separately.

10.      This motion for a partial stay of proceedings is being filed in the alternative to the Parties' prior Motion to Amend the Case Schedule (ECF No. 170), which identifies the same issue and proposes a schedule attempting to account for resolution of the appeal prior to any expert disclosures, class certification motion, pre-trial motions, or trial. But in the event the Court wishes to proceed with its current case schedule, the Parties alternatively propose this partial stay of proceedings so that they may conserve judicial and party resources by proceeding with claims that will not be affected by the Eighth Circuit rulings.

11.      Plaintiffs request a hearing at the Court's convenience to discuss this motion and the other scheduling motions currently pending before the Court.

WHEREFORE, Plaintiffs move the Court for a partial stay of class certification and trial proceedings with respect to any putative class members who are part of the settlement class in the Seller Cases until any appeals of the *Gibson* and *Burnett* settlements are concluded.

4

Dated: April 10, 2026                          Respectfully submitted,

 /s/ **Randall P. Ewing, Jr.**
Randall P. Ewing, Jr. (Bar No. 76879)
George A. Zelcs
Ryan Z. Cortazar
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
(312) 641-9750
rewing@koreintillery.com
gzelcs@koreintillery.com
rcortazar@koreintillery.com

Steven M. Berezney
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
(314) 241-4844
sberezney@koreintillery.com

Vincent Briganti
Margaret MacLean
Noelle Forde
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
vbriganti@lowey.com
mmaclean@lowey.com
nforde@lowey.com

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3), on April 9, 2026, counsel for Plaintiffs conferred with Defendants' counsel, via e-mail, in an effort to resolve the issues raised in this motion.  While Defendants do not oppose a stay as to the class members that Defendants contend released their claims, Defendants intend to file a response to Plaintiffs' motion setting forth their position that the stay should extend to the entire class for the sake of efficiency.

By: **/s/ Randall P. Ewing, Jr.**
Randall P. Ewing, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2026, a true and correct copy of the foregoing was served on all counsel of record by electronic filing.

/s/ **Randall P. Ewing, Jr.**
Randall P. Ewing, Jr.