**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 4:24-cv-10040-KMM

JAMES LUTZ, *et al*,

Plaintiffs,

v.

HOMESERVICES OF AMERICA, INC., *et al.*,

Defendants.

_____/

## ORDER

THIS CAUSE came before the Court upon Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction, ("PI Mot." or the "PI Motion") (ECF No. 195), and Defendants Douglas Elliman Inc., HomeServices of America, Inc., BHH Affiliates, LLC, and HSF Affiliates LLC's ("Defendants") Motion to Stay Proceedings Pending Final Approval of Class Settlements in *Tuccori*, ("Stay Mot." or the "Stay Motion") (ECF No. 201). Defendants filed a Response in Opposition to the PI Motion, ("PI Resp." or the "PI Response") (ECF No. 197), while Plaintiffs filed a Reply in Support of their PI Motion, ("PI Reply") (ECF No. 202). Plaintiffs filed a Response to the Stay Motion, ("Stay Resp." or the "Stay Response") (ECF No. 204), and Defendants filed a Corrected Reply in support of their Stay Motion, ("Stay Reply") (ECF No. 207). Both Motions are now ripe for review. As set forth below, Plaintiffs' PI Motion is DENIED and Defendants' Stay Motion is GRANTED.

## I.    BACKGROUND

The Court presumes the Parties' familiarity with the litigation occurring against National Association of Realtors-affiliated brokerages around the country on behalf of homebuyers. The

Court nevertheless provides a brief background of the various cases arising out of the same alleged conspiracy, *see generally* (ECF No. 199), occurring around the country.

Plaintiffs originally sued Defendants in the Northern District of Illinois as part of *Batton v. Nat'l Ass'n of Realtors*, ("*Batton I*") No. 21-cv-00430 (N.D. Ill.) and *Batton v. Compass, Inc.*, ("*Batton II*") No. 23-cv-15618 (N.D. Ill.). PI Mot. at 5. Although Plaintiffs' case against Defendants was eventually filed in the Southern District of Florida as a result of jurisdictional issues in the Northern District of Illinois, both *Batton I* and *Batton II* are still ongoing cases with the same plaintiffs as this case. PI Mot. at 6. There is also related, ongoing litigation with the same plaintiffs in the Eastern District of Pennsylvania. *Davis v. Hanna Holdings, Inc.*, No. 2:24-cv-2374 (E.D. Pa.); PI Mot. at 6. However, a separate set of plaintiffs with different attorneys filed what Plaintiffs here allege is a "copycat case" against other, smaller brokerages in the Northern District of Illinois. *Tuccori v. At World Properties LLC*, No. 1:24-cv-00150 (N.D. Ill.); PI Mot. at 5. The Parties in *Tuccori*, including eleven defendant brokerages, moved for preliminary approval of a settlement that resolved nationwide claims on behalf of a class of homebuyers. PI Resp. at 7. This settlement includes an opt-in procedure, where brokerages may opt in after: (1) attending a mediation before former Northern District of Illinois Judge James Holderman, who was appointed Special Master for Mediation; (2) paying a settlement that is 25 percent of the brokerage's court-approved class action settlement in home seller cases arising out of the same conspiracy; and (3) making a payment based on each brokerage's recent total transaction volume. *Id.*

In *Batton I*, Plaintiffs reached a $20 million "icebreaker settlement" with Keller Williams on February 2, 2026. PI Mot. at 12. They also settled with RE/MAX, LLC for $8.5 million. *Id.* However, on February 23, 2026, the *Tuccori* plaintiffs moved for preliminary approval of a

settlement with Anywhere, who they had not sued but who opted in pursuant to the process laid out above, that would expressly release the claims in *Batton I*. PI Mot. at 13. This settlement was for $9.6 million, "despite Anywhere's much larger market share" than Keller Williams. *Id.*

With the potential for more settlements seeking to release claims to come, the *Batton I* plaintiffs moved to intervene in *Tuccori*, to have *Tuccori* reassigned to the judge overseeing *Batton I*, and to preliminarily enjoin Anywhere from proceeding with approval of its settlement in *Tuccori*. *Id.* at 13–14. The *Tuccori* court denied the motion to intervene, instead preliminarily approving the Anywhere settlement and allowing the *Tuccori* plaintiffs to amend their complaint to add Anywhere as a defendant. *Id.* at 14. Meanwhile, the *Batton I* Court denied the motions for preliminary injunction and to transfer. *Id.* Plaintiffs' counsel appealed the denial of their motion to intervene in *Tuccori* and of their motion for preliminary injunction in *Batton I* to the Seventh Circuit. *Id.* These appeals remain pending. In the interim, defendants in *Davis*, *Batton I*, and this case have each opted in to *Tuccori* and announced settlements. *Id.* On May 26, 2026, Judge Lindsay C. Jenkins, who is presiding over *Tuccori*, preliminarily approved the settlements between Defendants in this case and a nationwide class of homebuyers. *See generally* (ECF No. 207-1).

Now pending before the Court is Plaintiffs' PI Motion, seeking to enjoin Defendants from "proceeding in any way with their class-action settlements" in *Tuccori*. (ECF No. 195-1) at 1. Also pending is Defendants' Stay Motion, seeking to stay this case in its entirety pending the *Tuccori* Court's decision on whether to approve Defendants' settlements. *See generally* Stay Mot.

## II. LEGAL STANDARD

### a. Preliminary Injunction

Traditional injunctions are "issued as either an interim or permanent remedy for certain breaches of common law, statutory, or constitutional rights" pursuant to the court's inherent

equitable powers. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). "The standard for a [temporary] injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12. Thus, to secure a temporary injunction, the moving party must show: "(1) a substantial likelihood of success on the merits; (2) a likelihood of suffering irreparable harm without a preliminary injunction; (3) that the threatened injury to the party outweighs any harm that might result to the defendants; and (4) that an injunction is not adverse to the public interest." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The plaintiff bears the 'burden of persuasion' on each of these four factors." *Id.* (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

Courts may also issue injunctions under the All Writs Act, which states that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act "is a codification of the federal courts' traditional, inherent power to protect the jurisdiction" it already has, and allows courts to "safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Klay*, 376 F.3d at 1099. "The requirements for a traditional injunction do not apply to injunctions under the All Writs Act." *Id.* at 1101. "[A] district court may not evade the traditional requirements of an injunction by purporting to issue what is, in effect, a preliminary injunction under the All Writs Act." *Id.* at 1101 n.13.

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). "Indeed,

4

the grant of a preliminary injunction is 'the exception rather than the rule.'" *Brown v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 4 F.4th 1220, 1224 (11th Cir. 2021) (citation omitted).

### b. Motion to Stay

A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

## III. DISCUSSION

Plaintiffs argue that the Court should grant an injunction under the All Writs Act based off the district's precedent of enjoining settlements in purportedly similar circumstances. PI Mot. at 13–14. Further, Plaintiffs argue they do not have to meet Rule 65's requirements because their injunction would be unrelated to the actual merits of the case, but that they nevertheless do meet said requirements. *Id.* at 14–17. In response, Defendants argue that Plaintiffs rely on inapposite precedent in arguing for an injunction under the All Writs Act. PI Resp. at 11–17. Further, Defendants argue that Plaintiffs have adequate remedies at law available, rendering the issuance of an injunction under the All Writs Act inappropriate. *Id.* at 17–18. Finally, Defendants argue that Plaintiffs fail to show the issuance of a traditional preliminary injunction is warranted. *Id.* at 18–23.

As a preliminary matter, the Court finds that Plaintiffs have not established the need for an injunction under the All Writs Act. "[A]s is similarly the case for traditional injunctions, a court may not issue an injunction under the All Writs Act if adequate remedies at law are available."

*Alabama v. U.S. Army Corps. of Eng'rs*, 424 F.3d 1117, 1132 (11th Cir. 2005).  Notably, the Eleventh Circuit stated that "if a party will have opportunity to raise its claims in the concurrent federal proceeding sought to be enjoined, that concurrent proceeding is deemed to provide an adequate remedy at law." *Id.*; *Klay*, 376 F.3d at 1102–03 ("The simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under [the All Writs Act].").  Here, Plaintiffs seek to enjoin the proceedings in *Tuccori*, but plaintiffs will have the opportunity to be heard in that case.  Specifically, their "adequate remedy at law" is represented by Federal Rule of Civil Procedure 23(e), which provides that "[a]ny class member may object" to a proposed settlement requiring court approval.  Fed. R. Civ. P. 23(e)(5)(A); *see also* (ECF No. 197-5) at 10 (explaining that motion for preliminary injunction in *Batton I* is denied because "everybody gets to object" and everyone has opportunity to "be heard and considered" on appeal).  Therefore, the Court finds it would be inappropriate to issue an injunction pursuant to the All Writs Act.[1]

The Court also declines to issue a "traditional" preliminary injunction.  As the Court stated, to secure a temporary injunction, the moving party must show: "(1) a substantial likelihood of success on the merits; (2) a likelihood of suffering irreparable harm without a preliminary injunction; (3) that the threatened injury to the party outweighs any harm that might result to the

---

[1] The Court need not reach the Parties' arguments over the two cases Plaintiffs cited, as the existence of an adequate remedy at law is a sufficient basis for declining to issue a preliminary injunction under the All Writs Act.  However, the Court notes that it agrees with Defendants that the cases Plaintiffs rely on are in the MDL context, which is distinct from the putative class action context.  *See generally In re Managed Care Litig.*, 236 F. Supp. 2d 1336, 1344 (S.D. Fla. 2002); *In re Checking Acct. Overdraft Litig.*, 859 F. Supp. 2d 1313, 1322 (S.D. Fla. 2012); *see also Stewart v. Samsung Elecs. Am., Inc.*, No. 10-cv-5096, 2011 WL 13513315, at *3–4 (D.N.J. Sept. 14, 2011) (observing that "Plaintiffs fail to cite a single case in which a non-MDL federal district court has enjoined proceedings in another federal district court pursuant to the All Writs Act").  Therefore, the Court rejects Plaintiffs' citations to each of *In re Managed Care* and *In re Checking Account* as inapposite.

defendants; and (4) that an injunction is not adverse to the public interest." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am.*, 896 F.2d at 1284. However, the moving party's "failure to establish any one of the essential elements will warrant denial of the request for preliminary injunctive relief and obviate the need to discuss the remaining elements." *Suzhou Jihekai Network Tech. Co., Ltd v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 0:25-cv-62217, 2026 WL 637598, at *2 (S.D. Fla. Feb. 12, 2026); *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (finding it unnecessary to address other preliminary injunction prerequisites where burden was not met as to irreparable harm). Therefore, the Court addresses only the irreparable harm element.

The Court finds Plaintiffs would not be irreparably harmed without a preliminary injunction for the same reasons as stated in the discussion of adequate legal remedies above. Chiefly, the existence of mechanisms to challenge any settlement before the *Tuccori* Court means Plaintiffs would not be irreparably harmed without an injunction. *See Alabama*, 424 F.3d at 1132; Fed. R. Civ. P. 23(e)(5)(A); *see also Grider v. Keystone Health Plan Ctr., Inc.*, 500 F.3d 322, 332 (3d Cir. 2007). Plaintiffs argue that "[b]y the time the final approval hearing takes place, the damage will have already be done" because "putative class members here who are also members of the purported *Tuccori* settlement classes are at imminent risk of becoming confused by the overlapping litigations." PI Mot. at 20. The Court finds this argument unavailing, because it is clear that if the *Tuccori* settlements are approved, they contain a release that would extinguish Plaintiffs' claims in this case. In any case, Plaintiffs' argument is based on speculative harm, which is not sufficient on a motion for preliminary injunction. *See Winter v. Nat. Res. Def.*

*Council, Inc.*, 555 U.S. 7, 22 (2008) (holding that possibility of harm is insufficient for preliminary relief). Therefore, the Court declines Plaintiffs' PI Motion.[2]

As for Defendants' Stay Motion, Defendants request that the Court stay all proceedings in this case until the *Tuccori* Court decides on whether to approve Defendants' settlements in that case. *See generally* Stay Mot. In response, Plaintiffs state they consent to Defendants' Stay Motion if the Court denies Plaintiffs' PI Motion. Stay Resp. at 1. Plaintiffs request that the stay last "until the conclusion of any appeals of an order finally approving Defendants' settlement agreements in *Tuccori*." *Id.* In their Stay Reply, Defendants state they do not object to the duration of Plaintiffs' requested stay. Stay Reply at 1.

The Court notes that the *Tuccori* Court issued an order preliminarily approving Defendants' settlements with the nationwide class of homebuyers. *See generally* (ECF 207-1). In that order, the *Tuccori* Court stated that members of the settlement class "are hereby temporarily enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member, against any Settling Defendant, Opt-In Settlor, or Released Party, any Released Claim[.]" *Id.* at 12. To avoid forcing Plaintiffs to choose between complying with this Court's orders and with the *Tuccori* Court's order, this Court finds that a stay of this case in its entirety is appropriate.

## IV. CONCLUSION

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise advised of the premises, it is hereby ORDERED AND ADJUDGED that Plaintiffs' PI

---

[2] In their Reply, Plaintiffs argue that the Court should issue not a traditional injunction or an injunction under the All Writs Act, but rather an "injunction based on standards issued by Congress." PI Reply at 10. In so arguing, Plaintiffs point to Rule 23. *Id.* Without getting to the dubious merits of this argument and the lack of case law supporting it, the Court notes it will not consider the argument as it is raised for the first time in a reply brief. *See Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F. App'x 847, 849 (11th Cir. 2012).

Motion (ECF No. 195) is DENIED and that Defendant's Stay Motion (ECF No. 201) is GRANTED. The Parties' Joint Expedited Motion Requesting a Rule 16 Status Conference (ECF No. 210) is DENIED AS MOOT. The Clerk of Court is instructed to ADMINISTRATIVELY CLOSE this case. The above-captioned case is hereby STAYED in its entirety until the *Tuccori* Court issues a final decision on whether to approve Defendants' settlements with the nationwide class of homebuyers. Within thirty (30) days of that decision, the Parties are ORDERED to submit a status report indicating whether an extension of the stay is necessary and whether further proceedings are necessary. Finally, the Court DEFERS RULING on Plaintiffs' Motion to Appoint Interim Co-Lead Counsel (ECF No. 169) until after the stay is lifted.

DONE AND ORDERED in Chambers at Miami, Florida, this __23rd__ day of June, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record